### PEOPLE ex rel. STEINHARDT v. FULLER, Clerk.

(Supreme Court, Special Term, New York County. February 20, 1901.)

**1.** CRIMINAL LAW—COMPLAINT—RIGHT OF ACCUSED TO EXAMINE.

Code Cr. Proc. § 188, provides that, when a defendant is arrested and brought before a magistrate on a criminal charge, the magistrate must immediately inform him of the charge, and of his right to the aid of counsel in every stage of the proceedings, before further proceedings are had. Section 205 provides that the magistrate or his clerk must keep the depositions taken on the information in a criminal charge until returned to the proper court, and not permit them to be inspected by any person except certain ones named, including the defendant and his counsel. Held, that it was the duty of the magistrate or of the clerk, if he had official charge of the complaint or information, to exhibit it to the prisoner's attorney on demand.

2. SAME—CHANGE OF ATTORNEYS.

Where the defendant charged with crime has been arrested, it is the duty of the magistrate or his clerk, having official custody of the complaint or information, to exhibit it to defendant's attorney on demand, though another attorney may have appeared for the defendant at the time of his arrest, since magistrates' courts are not courts of record, and there is no provision of law for substitution of attorneys therein.

3. SAME—MANDAMUS.

Where, in an application for mandamus to compel a person, as clerk of a magistrate, to exhibit a criminal complaint to defendant's attorney, it appears by the affidavit of the magistrate that respondent was not his clerk, and that he had possession of the complaint only for the purpose of placing it in a vault at the magistrate's request, the application will be denied.

Application by the people, on relation of Benjamin Steinhardt, for peremptory mandamus against William M. Fuller, clerk of the court of special sessions. Denied.

Howe & Hummel, for relator.

Eugene A. Philbin, Dist. Atty., and H. H. Sherman, for respondent.

McADAM, J. Code Cr. Proc. § 188, provides that "when a defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had." The intention of this section was to guard the rights of the prisoner by making it mandatory upon the magistrate to inform the accused of the charge he is required to answer; and the right to the aid of counsel in every stage of the proceedings is guarantied to him not only by the section referred to, but by section 8 of the same Code, as well as by section 6 of article 1 of the state constitution. The prisoner is entitled to know the name of his accuser, and, where the arrest was made on a warrant obtained upon an information filed, he is entitled to examine the complaint. Code Cr. Proc. § 205. It is clear, therefore, that it was the duty of the magistrate or of the clerk, if he had official charge of the complaint, to exhibit it to the prisoner's attorney on demand. The fact that a different attorney appeared for the prisoner at the time of his arrest is of no importance. Magistrates' courts are not courts of record, and, while attorneys must be recognized there, there is no provision of law for the substitution of attorneys. When a member of the bar appears for a client, it will generally be assumed that he has authority to do so. His license to practice, granted under state authority, is ordinarily deemed a sufficient warrant for this purpose.

Since the argument Justice Jerome has filed an affidavit in which he states that he is a justice of the court of special sessions of the city of New York, and, as such justice, has no clerk; that on the evening of February 18, 1901, he intrusted the papers referred to in the moving affidavit to William M. Fuller, the respondent, at the same time instructing him to place them in the safe at the Criminal Courts Building, and there leave them until they should be called

for by the justice; that the complaint was never in the possession of said Fuller in any official capacity; that it is now in the possession of the justice and under his control; that he is now, and always has been, ready and willing to show the same to any and all persons entitled to inspect it; and that no application has been made to him for inspection.

Under the circumstances, the application for a mandamus will be denied.